**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PETER BRINKLEY,** | : CIVIL NO. 1:CV-10-00224 |
| Plaintiff | : (Judge Rambo) |
| v. | : |
| **PAUL SMEAL,** *et al.*, | : |
| Defendants | : |

## **M E M O R A N D U M**

Plaintiff Peter Brinkley ("Brinkley"), an inmate currently confined at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania ("SCI-Smithfield"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on January 28, 2010. (Doc. 1.) Named as Defendants are Paul Smeal, former Superintendent at SCI-Smithfield, and Randy Lantz, former Captain at SCI-Smithfield. Brinkley claims that Defendants are responsible for injuries he sustained on January 11, 2009.

Before the court is a motion to dismiss the complaint, filed by Defendants. (Doc. 12.) Additionally, Brinkley has filed a motion for leave to amend the complaint. (Doc. 16.) For the reasons that follow, the motion to dismiss will be granted and Brinkley's motion for leave to amend will be denied.

**I.     Background**

**A.     Facts**

In the complaint, Brinkley provides the following factual background with respect to his claim. The court notes that for purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Brinkley.

On January 11, 2009, at approximately 10:45 a.m., Brinkley was told by a corrections officer to go to the dining hall for the early meal lines for lunch. (Doc. 1 ¶ 1.) On that date, Brinkley was using crutches due to a dislocated left knee injury. (*Id.* ¶ 2.) He told the corrections officer that because the walks were icy and dangerous, he was requesting that staff arrange for a food tray to be delivered to his cellblock, as had been done at breakfast earlier that day. (*Id.* ¶¶ 3-4.) Brinkley's request was denied by the Shift Commander, Defendant Lantz, and Brinkley was directed to go to the dining hall if he wanted lunch. (*Id.* ¶¶ 5-8.) Subsequently, as Brinkley walked to the dining hall, he slipped on a patch of ice and fell, re-injuring his already damaged left knee. (*Id.* ¶ 9.) He was taken to the infirmary, where he remained until January 15, 2009. (*Id.* ¶ 11.) He claims that he suffered a sprained knee and bone bruise. (*Id.* ¶ 12.)

In the complaint, Brinkley claims that Defendants Smeal and Lantz are responsible for ensuring safe living conditions and maintaining safe walkways during meal line movements. (*Id.* ¶¶ 16-17.) He claims that a lunch tray should have been sent to him at his cellblock, just as one had been sent to him at breakfast time earlier in

2

the day. (*Id*. ¶ 14.) He further claims that the walkways from his cellblock to the dining hall should have been made safe for travel. (*Id*. ¶ 15.)

### B. <u>Procedural History</u>

Brinkley filed his complaint on January 28, 2010. (Doc. 1.) By order dated February 22, 2010, the court directed service on the Defendants named therein. (Doc. 7.) Defendants filed a motion to dismiss the complaint on April 1, 2010. (Doc. 12.) Prior to filing his brief in opposition to the motion to dismiss, Brinkley filed a motion for leave to amend the complaint. (Doc. 16.) He subsequently filed his brief in opposition on May 7, 2010. (Doc. 17.) Thus, the motion to dismiss is ripe for disposition.

## II. <u>Standard of Review - Motion to Dismiss</u>

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).

"[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord, e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). *See also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the

4

speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose

5

authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of

bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under § 1983 is personal in nature and a defendant is liable only if he was personally, affirmatively involved in the alleged wrongdoing. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). A defendant who supervised the wrongdoer but did not personally participate in the wrongful act is not liable under § 1983 on a theory of *respondeat superior* unless he personally directed or had actual knowledge of, and acquiesced in, the deprivation. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Robinson*, 120 F.3d at 1294. A defendant who lacked any supervisory power over the wrongdoer and who was not personally, affirmatively involved in the alleged wrongful conduct is not

7

liable under § 1983. *Id.*

In this case, Defendants contend that, even viewing the facts in a light most favorable to Brinkley, the complaint should be dismissed because Brinkley fails to state a cognizable constitutional claim.[1] Defendants claim that the constitutional claim implicated in this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure prisoner health and safety. (*See* Doc. 13 at 4) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). The court agrees. Therefore, in order for Brinkley's § 1983 claim to proceed against each of the named Defendants, he must first establish the existence of a constitutional violation. Accordingly, the court will first address this threshold inquiry.

---

[1] Defendants also set forth the following grounds for dismissal:

B. Brinkley's state-based tort claims against the Defendants should be dismissed because they are barred by sovereign immunity and the Eleventh Amendment.
C. Brinkley's claims against the Defendants in their official capacities are barred by the Eleventh Amendment.
D. Brinkley's claims against Smeal should be dismissed because he does not plead personal involvement in connection with his alleged complaints.

(Doc. 13.) Because the court finds that Brinkley has failed to state a constitutional claim, it need not address the remaining defenses raised by Defendants.

The Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). It is well-settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Id*. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. (quoting *Rhodes*, 452 U.S. at 346). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson*, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes*, 452 U.S. at 347-48; *Young v. Quinlan*, 960 F.2d 351, 363-64 (3d Cir. 1992). However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* at 347. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 305.

In this case, Brinkley has failed to allege any facts that suggest that the Defendants acted with deliberate indifference to a substantial risk of harm to his safety. *See Farmer*, 511 U.S. at 835. Viewing the allegations in a light most favorable to Brinkley, his claim with respect to slipping and falling on ice fails to state an Eighth Amendment claim. *See Hankins v. Beard*, C.A. No. 07-332, 2009 WL 5821032, at *9-10 (W.D. Pa. Nov. 30, 2009) (dismissing claim that inmate fell on ice because "[a] 'slip and fall,' without more, does not amount to cruel and unusual

punishment . . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles") (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983)); *Valdez v. State of New Jersey*, Civ. A. No. 06-3714, 2007 WL 119160, at \*4 (D. N.J. Jan. 10, 2007) (citing *Dial v. Murphy*, Civ. No. 94-2287, 1995 WL 293888, at \*2 (6th Cir. May 12, 1995) (finding mere negligence by prison officials which results in an inmate's fall on ice fails to state an Eighth Amendment claim)). Moreover, Brinkley's complaint at most alleges that Defendants were negligent in their duty to protect him from hazardous conditions, which is insufficient to state a claim under the Eighth Amendment. *See Farmer*, 511 U.S. at 835. *See also Daniels v. Williams*, 474 U.S. 327, 331-32 (1986) (confirming that negligent acts of officials which cause unintended loss or injury do not rise to a constitutional level). Thus, the motion to dismiss will be granted. Furthermore, because Brinkley's complaint fails to state a constitutional claim, it would be futile to allow him to amend his complaint.[2]

---

[2] Brinkley seeks to amend his complaint in order to: 1) state that he is suing the Defendants in their individual capacities, and 2) to "specifically mention the specific violation of his Eighth Amendment rights of deliberate indifference." (Doc. 16.) First, amending his complaint to state that he is suing the Defendants in their individual capacities only does not affect the court's decision to dismiss the complaint for failure to state a constitutional claim. Second, Brinkley is reminded that a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). In light of this well-settled law, the court finds that Brinkley has sufficiently given Defendants fair notice of his Eighth Amendment claim and therefore need not amend his complaint to state a "specific" violation

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: December 22, 2010.

---

of his Eighth Amendment rights.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER BRINKLEY,** | : CIVIL NO. 1:CV-10-00224 |
| **Plaintiff** | : (Judge Rambo) |
| v. | : |
| **PAUL SMEAL,** *et al.*, | : |
| **Defendants** | : |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion to dismiss (Doc. 12) is **GRANTED**.

2) The motion for leave to file an amended complaint (Doc. 16) is **DENIED**.

3) The Clerk of Court is directed to **CLOSE** this case.

4) Any appeal from this order is **DEEMED** frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                     s/Sylvia H. Rambo  
                                                     SYLVIA H. RAMBO  
                                                     United States District Judge

Dated: December 22, 2010.